IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| RAFAEL M. O.[1], | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:26-cv-500 |
| | § | |
| TODD M. LYONS, *et al.*, | § | |
|     Respondents. | § | |

### REPORT AND RECOMMENDATION DENYING
### PETITIONER'S WRIT OF HABEAS CORPUS

Before the Court is Petitioner Rafael M. O.'s "Petitioner for Writ of Habeas Corpus under 28 U.S.C. § 2241" (Dkt. No. 1) and Respondents' "Response to Petitioner for Writ of Habeas Corpus and Motion to Dismiss" (Dkt. No. 8). Petitioner requests the Court order Respondents, the Government, to release him and order declaratory relief regarding any attempt to move or re-detain him. For the following reasons, it is recommended the Court (1) DENY the Petition (Dkt. No. 1) and (2) DISMISS the Government's Motion to Dismiss (Dkt. No. 8) as MOOT.

Petitioner is a Venezuelan national currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas. Petitioner was granted Withholding of Removal on September 14, 2010, and on November 18, 2010, he was placed on an Order of Supervision by Immigration and Customs Enforcement. Dkt. No. 1 at 7.[2]

Petitioner filed this habeas action challenging the lawfulness of his current detention, which began on or about February 23, 2026. Dkt. No. 1 at 2. Petitioner contests

---

[1] Due to significant privacy concerns in immigration cases and noting that judicial opinions are not subject to Federal Rule of Civil Procedure 5.2, any opinion, order, judgment, or other disposition in this case will refer to the petitioner only by first name and last initial.

[2] Petitioner claims compliance with his Order of Supervision over the past 16 years.

that the Government improperly revoked his Order of Supervision and argues this is a violation of substantive and procedural due process rights owed to him under the Fifth Amendment of U.S. Constitution; violations of the Administrative Procedure Act; constitutes ultra vires action; and violates the *Accardi* Doctrine.[3]

In the response the instant Petition, the Government informed the Court that Petitioner's claims had been adjudicated recently by the U.S. District Court for the Middle District of Florida, Fort Myers Division.[4] *See Olivera v. Mordant*, No. 2:26-CV-547-KCD-NPM, 2026 WL 1109406, at *6 (M.D. Fla. Apr. 24, 2026).

The Government argues the instant habeas action should be dismissed "under 28 U.S.C. § 2244(a) and the abuse of the writ doctrine." Dkt. No. 8 at 1. However, the Court notes that although the Middle District of Florida denied each one of the claims Petitioner raises in the instant habeas action[5], *Olivera v. Mordant*, 2026 WL 1109406, at *3-6, the Middle District of Florida denied the Petition without prejudice, *id.* at *6. The Government acknowledges that the Middle District of Florida denied the Petition without prejudice but argues this was "only because Petitioner had not been detained long enough to invoke Zadvydas." Dkt. No. 8 at 2.[6] While that may be one of the reasons the Petition was denied without prejudice, the Middle District of Florida's decision, nevertheless, does not appear to bar Petitioner from filing another habeas action.

---

[3] Petitioner claims to challenge his detention as a violation of the Immigration and Nationality Act (INA), Dkt. No. 1 at 2, but does not elaborate beyond this point. As a result, the Court does not consider the Petition to raise a challenge to the INA.

[4] Petitioner did not inform the Court that he had previously filed a habeas action in a different federal court. In fact, Petitioner stated that "[t]here has been no prior judicial review of this matter." Dkt. No. 1 at 9, ¶ 44. The Court takes judicial notice of the fact that Petitioner was represented by a different counselor in the habeas action filed in the Middle District of Florida. *See* Case Information from *Olivera v. Mordant*, 2026 WL 1109406, at *1.

[5] The Middle District of Florida also considered Petitioner's argument based upon Petitioner's former Temporary Protected Status. *Olivera v. Mordant*, 2026 WL 1109406, at *2. Petitioner does not raise that claim in the instant habeas action. See Dkt. No. 1.

[6] In the Petition before the Court, Petitioner does not challenge his detention as unlawful under *Zadvydas*.

Moreover, whether the instant petitioner constitutes an abuse of the writ, the Court need not decide because after consideration of Petitioner's claims, the Court agrees with the reasoning employed by the Middle District of Florida. *Olivera v. Mordant*, 2026 WL 1109406, at *3-6.[7] Accordingly, this Court finds that Petitioner cannot be afforded any relief based upon the claims he brings before this Court.

It is RECOMMENDED that the Court (1) DENY the Petition; (2) DISMISS the Government's Motion to Dismiss as MOOT; and (3) DIRECT the Clerk of Court to close this case.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge assigned to the instant case. 28 U.S.C. § 636(b)(1). When filing an objection, a party must object to specific facts or legal findings in this Report and Recommendation. The District Judge is not required to consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Signed on June 22, 2026.

Karen Betancourt
United States Magistrate Judge

---

[7] Further, the Court notes that in the instant case, the Government informed the Court that it "fully complied with the OSUP revocation procedures," Dkt. No. 8 at 2, pursuant to the Court's order at Dkt. No. 6.